LAW OFFICE OF BRIAN L. GREBEN
Brian L. Greben, Esq.
316 Great Neck Road
Great Neck, NY 11021
(516) 304-5357

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BOBBY LEE and ALOYSIOUS YOUNG,

        Plaintiffs,

        v.

ANDRE BERNARD, SCOTT BERNARD,
B GREEN GROUP, LLC., and BIO
ENERGY DEVELOPMENT, INC. d/b/a
BIO ENERGY TRANSPORT,

        Defendants.
------------------------------------------------------------X

**Docket No.:**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

1. Plaintiffs bring this lawsuit seeking recovery against defendants for defendants' violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and allege that they are entitled to recover from defendants: (1) unpaid overtime; (2) unpaid wages; (3) liquidated damages; and (4) attorneys' fees and costs.

2. Plaintiffs further bring this lawsuit seeking recovery against defendants for defendants' violations of the New York Labor Law, Art. 6, § 190 *et. seq*., and Art. 19, § 650 *et. seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 (collectively "NYLL").

3. Plaintiffs retained the Law Office of Brian L. Greben to represent them, and have

1

agreed to pay the firm a reasonable fee for its services.

4. Plaintiffs' consent to sue forms are attached hereto as Exhibit "A."

## JURISDICTION AND VENUE

5. The Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA. The Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in the district because defendants conduct business in the district, reside in this district, and acts and/or omissions giving rise to the claims herein alleged took place in the district.

## THE PARTIES

7. Plaintiff Bobby Lee is a resident of Moorhead, Mississippi.

8. Plaintiff Aloysious Young is a resident of Moorhead, Mississippi.

9. Both plaintiffs are hereinafter collectively referred to as "plaintiffs" unless otherwise specified.

10. Defendant Andre Bernard is a resident of Mount Kisco, New York.

11. Defendant Scott Bernard is a resident of Mount Kisco, New York.

12. Defendant B Green Group, LLC, ("B Green") is a foreign limited liability company that conducts business within the State of New York, with a principal office, and address for service of process, at 126 Le Parc Plaza, Mount Kisco, New York 10549.

13. At all relevant times, Andre Bernard owned and/or managed B Green.

14. At all relevant times, Scott Bernard owned and/or managed B Green.

15. Defendant Bio Energy Development, Inc. d/b/a Bio Energy Transport ("Bio Energy") is a domestic corporation with a principal executive office, and address for service of process, at 26 50 BQE West, Woodside, New York 11377.

16. At all relevant times, Andre Bernard owned and/or managed Bio Energy.

17. At all relevant times, Scott Bernard owned and/or managed Bio Energy.

18. Defendants have an annual gross volume of sales in excess of $500,000.00.

19. All defendants are hereinafter collectively referred to as "defendants" unless otherwise specified.

20. At all relevant times, defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

21. From November 2014, through May 2016, plaintiffs were "employed" by defendants, and were "employees" engaging in interstate "commerce" and/or in the production of "goods" for "commerce," and was employed in an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 206(a), (b).

22. At all relevant times, defendants have employed "employee[s]," including plaintiffs, and those similarly situated under the FLSA and New York Labor Law.

## FACTS

23. In November 2014, defendants hired plaintiffs to work on the construction of an oil refinery that defendants planned to open in Astoria, New York. From approximately November 2014, through March 2016, claimants worked on construction of equipment for the Astoria refinery while the equipment was located in Mississippi. During this period, defendants

paid Mr. Lee and Mr. Young regular hourly rates of, respectively, $15.00 per hour and $11.00 per hour. Although plaintiffs regularly worked more than forty (40) hours per week, defendants never paid them overtime at a rate of at least 1.5 times their regular hourly rate for hours worked in excess of forty (40) per work week, as they were required to do under the FLSA and the NYLL.

24. From November 2014, through March 2016, plaintiffs each worked, on average, forty-eight (48) hours per week for defendants on the aforementioned construction project. At no point did defendants pay them overtime at a rate of 1.5 times their hourly rate for hours worked over forty (40) per week.

25. In the spring of 2016, defendants asked plaintiffs to travel to New York City to continue working on the refinery in Astoria. Defendants stated that plaintiffs would work in cycles in which they would spend several weeks working in Astoria, followed by about two (2) weeks home in Mississippi. Defendants offered to pay Mr. Lee a weekly salary of $1,100.00, and offered to pay Mr. Young a weekly salary of $700.00, from March 2016 going forward. Defendants assured plaintiffs that they would be paid the same weekly salaries regardless of whether they were working in Astoria or were home in Mississippi.

26. Defendants advised that they would pay all of plaintiffs' living expenses, including lodging and food, while plaintiffs were working in New York. Defendants further assured plaintiffs that at the end of their work on the project, Mr. Lee and Mr. Young would each be paid a bonus. Defendants additionally agreed to place $5,000.00 in a bank account to be used by Mr. Lee's family while he was away from Mississippi. The bonuses and $5,000.00 for Mr. Lee's family that defendants offered plaintiffs were non-discretionary – i.e., they were not contingent upon the happening of any particular condition, and were simply included as part of

Claimants' compensation.

27. On March 6, 2016, plaintiffs were flown from Mississippi to New York City to begin working in Astoria. From March 7 to April 5, 2016, plaintiffs worked six (6) or seven (7) days a week, from about 6:30 a.m. every morning through about 8:00 p.m. every night – i.e., over eighty (80) hours per week.

28. Defendants paid Mr. Lee $1,100.00 per week between March 7 and April 5, 2016. Although he worked over eighty (80) hours per week during this period, he was never paid a premium overtime rate of at least 1.5 times his regular hourly rate.

29. Mr. Young was paid $700.00 per week between March 7 and April 5, 2016. He worked over eighty (80) hours per week during this period. Based on the number of hours he worked per week, his regular hourly rate was, at most, $8.75 per hour during this period, and was therefore below the New York City minimum wage of $9.00 for the first forty (40) hours of work done per week, and $13.50 per hour during overtime.

30. Although Mr. Young worked over eighty (80) hours per week during this period, he was never paid a premium overtime rate of at least 1.5 times his regular hourly rate or of the applicable minimum wage, whichever was greater.

31. Moreover, defendants never provided the $5,000 for Mr. Lee's family, as they had agreed they would. Mr. Lee regularly asked defendants when the funds would be provided, and was consistently assured that it would be within the next few weeks.

32. On April 6, 2016, plaintiffs returned to Mississippi. Defendants paid plaintiffs their salaries for the week of April 11, 2016, but *did not* pay their salaries for the following weeks, despite the fact that a) defendants were obligated to do so pursuant to the terms of plaintiffs' employment; and b) plaintiffs worked for defendants during this time.

33. Defendants soon asked plaintiffs to return to New York, and reassured them that their owed salaries would be paid, and that defendants would meet their obligations regarding plaintiffs' bonuses and the funds for Mr. Lee's family. On April 28, 2016, defendants once again flew plaintiffs to New York. Although they were originally scheduled to remain in New York until June 2, 2016, plaintiffs were abruptly ordered to return home after working two (2) weeks.

34. Defendants utterly failed to pay plaintiffs for the work they did in New York during this second trip, and did not pay their salaries for the prior weeks. Defendants further failed to pay the bonuses, or the funds for Mr. Lee's family. Defendants further failed to reimburse plaintiffs' living expenses, as per the parties' employment agreement and their prior course of conduct. Plaintiffs living expenses amounted to at least $100.00 per day.

35. Throughout plaintiff's employment with defendants, their work for defendants included, *inter alia*:

    (a)    Moving heavy equipment;

    (b)    Moving machinery from prior locations;

    (c)    Assembling machinery that had been moved from prior locations;

    (d)    Setting up and assembling tanks on stands;

    (e)    Preparing heat coil for holding tank;

    (f)    General labor;

    (g)    Painting;

    (h)    Welding;

    (i)    Metal Fabrication;

    (j)    Plumbing;

    (k)    Piping; and

   (l)  Electrical Wiring.

 36. At no time did defendants pay Mr. Lee or Mr. Young overtime at a rate of 1.5 times their regular hourly rate of pay for hours worked in excess of forty (40) hours per work week, as they were required to do under the FLSA, the New York Labor Law (the "NYLL") and supporting regulations. *See* 29 U.S.C.S. § 201, *et seq.*; N.Y. Lab. L. § 650 *et seq.*; N.Y. Comp. Codes R. & Regs. § 142 *et seq*.

 37. At no time did plaintiffs' job duties include hiring or firing other employees.

 38. At no time did plaintiffs have the power to discipline other employees.

 39. At no time did plaintiffs' job duties require specialized education or training.

 40. At no time did plaintiffs' duties differ substantially from defendants' non-exempt hourly paid employees.

 41. At no time did plaintiffs exercise a meaningful degree of independent discretion with respect to the exercise of their duties. Every aspect of plaintiffs' professional duties were dictated by Andre Bernard and Scott Bernard.

 42. At all times while working for defendants, plaintiffs' primary duties were manual in nature, and manual duties occupied the majority of their working hours.

 43. Defendants knowingly and willfully operate their business with a policy of not paying overtime at a rate of 1.5 times each employee's regular hourly rate to plaintiffs and their other employees.

 44. Defendants knowingly and willfully operate their business with a policy of not paying overtime at a rate of at least 1.5 times the New York State minimum wage to plaintiffs and their other employees.

 45. Defendants knowingly and willfully operate their business with a policy of not

providing plaintiffs with meal breaks of at least thirty (30) minutes between the hours of 11:00 a.m. and 2:00 p.m., as is required by NYLL § 162.

46. Defendants knowingly and willfully suffered or permitted plaintiffs to work over 10 hours per day. Defendants have not paid plaintiffs one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

47. During all relevant times, defendants have centrally controlled the labor relations of B Green, Bio Energy and related business entities and endeavors.

48. During all relevant times, defendants are and/or were employers of plaintiffs and those similarly situated under the FLSA and the NYLL.

49. Defendants have not kept accurate records of wages earned or of hours worked by plaintiffs. In fact, defendants have not utilized any procedures to monitor or record the hours worked by non-exempt workers.

50. Defendants have failed to furnish plaintiffs with annual wage notices.

51. Defendants have failed to furnish plaintiffs with accurate statements of wages, hours worked, rates paid, and gross wages.

52. During all relevant times, defendants acted willfully and intentionally.

53. To the extent defendants retained employment records, defendants exercised control over those records.

## FIRST CLAIM FOR RELIEF
(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.*)

54. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

55. Throughout the statute of limitations period covered by these claims, plaintiffs regularly worked in excess of forty (40) hours per workweek.

56. At all relevant times, defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay plaintiffs and their other employees at one-and-one-half times the greater of a) their regular hourly rate; or b) minimum wage, for work in excess of forty (40) hours per workweek, even though plaintiffs were entitled to overtime.

57. At all relevant times, defendants willfully, regularly and repeatedly failed to pay plaintiffs and their other employees at the required overtime rates of one-and-one-half times the greater of a) their regular hourly rate; or b) minimum wage, for work in excess of forty (40) hours per workweek, even though plaintiffs were entitled to overtime.

58. Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**

(New York Overtime Violations, N.Y. Lab. L.
§ 650 *et seq.*, N.Y. Comp. Codes R. & Regs. § 142 *et seq.*)

59. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

60. At all times relevant to this action, plaintiffs were an employee and defendant was an employer within the meaning of NYLL.

61. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to defendant.

62. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

63. Throughout relevant period, defendants willfully, regularly and repeatedly failed to pay plaintiffs and their other employees at the required overtime rates, one-and-one-half times the greater of a) their regular hourly rate; or b) minimum wage for hours worked in excess of forty (40) hours per workweek.

64. By failing to pay plaintiffs overtime wages for all hours worked in excess of 40 hours per week, they have willfully violated NYLL Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including, inter alia, the regulations in 12 N.Y.C.R.R., Part 142.

65. As a result of defendants' willful and unlawful conduct, plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
(FLSA Claims re Failure to Pay Minimum Wage, 29 U.S.C. § 201, *et seq.*)

66. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

67. At all relevant times, defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, defendants have employed, "employee[s]," including plaintiff.

68. Defendants knowingly failed to pay Aloysious Young the federal minimum wage for each hour worked from March 6, 2016, through April 5, 2016.

69.     Plaintiff Aloysious Young seeks damages in the amount of his unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**

(New York State Minimum Wage Act, New York Labor Law § 650 *et seq.*)

70.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

71.     Defendants knowingly paid plaintiffs less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

72.     Defendants did not pay Aloysious Young minimum wage for all hours worked.

73.     Defendants' failure to pay plaintiff Aloysious Young the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

74.     As a result of defendants' willful and unlawful conduct, plaintiff Aloysious Young is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FIFTH CLAIM FOR RELIEF**

(FLSA Claims re Failure to Pay Additional Compensation, 29 U.S.C. § 201, *et seq.*)

75.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

76.     Pursuant to the parties' employment agreement, defendants were obligated to pay plaintiffs bonuses at the end of their work on the Astoria refinery project.  The bonuses

defendants offered plaintiffs were non-discretionary – i.e., they were not contingent upon the happening of any particular condition, and were simply included as part of Claimants' compensation.

77. Defendants unlawfully failed to pay the aforementioned bonuses.

78. The aforementioned bonuses were wages under the FLSA.

79. Pursuant to the parties' employment agreement, defendants were obligated to pay $5,000.00 into a bank account to be used by Bobby Lee's family while he was away from Mississippi.

80. Defendants unlawfully failed to pay the aforementioned $5,000.00.

81. The aforementioned $5,000.00 were wages under the FLSA.

82. Defendants' failure to pay plaintiffs the bonuses or $5,000.00 was willful pursuant to the FLSA.

83. Plaintiffs seeks damages in the amount of their unpaid bonuses and other payments, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SIXTH CLAIM FOR RELIEF**

(New York Violations, NYLL §§ 650 *et seq.* – Failure to Pay Additional Compensation)

84. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

85. Pursuant to the parties' employment agreement, defendants were obligated to pay plaintiffs bonuses at the end of their work on the Astoria refinery project. The bonuses defendants offered plaintiffs were non-discretionary – i.e., they were not contingent upon the happening of any particular condition, and were simply included as part of Claimants'

compensation.

86. Defendants unlawfully failed to pay the aforementioned bonuses.

87. The aforementioned bonuses were wages under the NYLL.

88. Pursuant to the parties' employment agreement, defendants were obligated to pay $5,000.00 into a bank account to be used by Bobby Lee's family while he was away from Mississippi.

89. Defendants unlawfully failed to pay the aforementioned $5,000.00.

90. The aforementioned $5,000.00 were wages under the NYLL.

91. Defendants' failure to pay plaintiffs the bonuses and the additional funds promised Mr. Young pursuant to their employment with defendants was willful within the meaning of NYLL § 663.

92. As a result of defendants' willful and unlawful conduct, plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

**SEVENTH CLAIM FOR RELIEF**
(New York Violations, NYLL §§ 195, 198 *et seq*.)

93. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

94. Defendants have willfully failed to supply plaintiffs with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by plaintiffs as their primary language, containing plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as"

names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

95. Through their knowing or intentional failure to provide plaintiffs with the wage notices required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations.

96. Due to defendants' willful violations of NYLL, Article 6, § 195(1), plaintiffs are entitled to statutory penalties for defendants' failure to provide them with wage notices, plus, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## EIGHTH CLAIM FOR RELIEF
(New York Violations, NYLL §§ 195, 198 *et seq*.)

97. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

98. Defendants have willfully failed to supply plaintiffs with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

99. Through their knowing and intentional failure to provide plaintiffs with the accurate wage statements required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations.

100. Due to defendants' willful violations of NYLL, Article 6, § 195(3), plaintiffs are entitled to statutory penalties for defendants' failure to provide them with wage notices, plus, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**NINTH CLAIM FOR RELIEF**
(New York Violations, NYLL §§ 650 *et seq.* – spread-of-wages pay)

101. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

102. Defendants have failed to pay plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

103. Through their knowing and intentional failure to pay plaintiffs spread-of-hours pay, defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

104. Due to defendants' willful violations of the NYLL, plaintiffs are entitled to recover from defendants their unpaid spread-of-hours wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**TENTH CLAIM FOR RELIEF**
(New York Violations, NYLL §§ 650 *et seq.* – Failure to Reimburse Work Related Expenses)

105. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

106. Defendants failed to pay plaintiffs the full amount of their wages as a result of failing to reimburse them for work-related expenses, in violation of the parties' employment

agreement, and of NYLL § 193 and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 137-2.5.

107.    Defendants have willfully failed to reimburse plaintiffs for work-related expenses they incurred during their course of employment for defendants.

108.    Due to Defendants' violations of the NYLL, plaintiffs are entitled to recover from defendants their unpaid work-related expenses and reimbursement for unlawful deductions, statutory liquidated damages, attorneys' fees, costs, and pre and post-judgment interest.

## **ELEVENTH CLAIM FOR RELIEF**
(Breach of Contract)

109.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

110.    Plaintiffs were employed by defendants pursuant to a contract.  As described in the preceding paragraphs, defendants breached many of their contractual obligations including, *inter alia*, the following:

   a) failing to properly compensate plaintiffs for the work they performed for plaintiffs;

   b) failing to properly compensate plaintiffs during the periods they were staying in Mississippi in between working in New York City;

   c) failing to pay for and/or reimburse plaintiffs for the living expenses they incurred while working in New York City;

   d) failing to place $5,000.00 in a bank account to be used by Mr. Lee's family while he was away from Mississippi, as per the parties' agreement; and

   e) failing to pay bonuses to plaintiffs, as per the parties' agreement.

111.    Since the end of their employment with defendants, plaintiffs have demanded that

16

defendants pay their salary, bonuses, and other compensation, as described above. Defendants have ignored their requests.

112. Defendants failed to satisfy or perform the contractual obligations described in the preceding paragraphs.

113. Defendants' failure to satisfy or perform any of the aforesaid contractual obligations constituted a breach of defendants' contract with plaintiffs.

114. Based on the foregoing breach, plaintiffs are entitled to recover income lost as a result of defendants' breach, as well as damages incurred by plaintiffs because of defendants' breach, plus attorney's fees, costs and interest.

## **TWELFTH CLAIM FOR RELIEF**
**(Unjust Enrichment)**

115. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

116. Under the common law doctrine of "unjust enrichments" insofar as defendants, by their policies and actions, benefited from, and increased their profits, by, *inter alia*:

   a) failing to properly compensate plaintiffs for the work they performed for plaintiffs;

   b) failing to properly compensate plaintiffs during the periods they were staying in Mississippi in between working in New York City;

   c) failing to pay for and/or reimburse plaintiffs for the living expenses they incurred while working in New York City;

   d) failing to place $5,000.00 in a bank account to be used by Mr. Lee's family while he was away from Mississippi; and

  e) failing to pay bonuses to plaintiffs, as per the parties' agreement.

  117. Since the end of their employment with defendants, plaintiffs have demanded that defendants pay their salary, bonuses, and other compensation, as described above. Defendants have ignored their requests.

  118. Defendants accepted and received the benefits of the work performed by plaintiffs at plaintiffs' expense. Accordingly, defendants were unjustly enriched at plaintiffs' expense.

  119. It is inequitable and unjust for defendants to reap the benefits of plaintiffs' labor and expenditures without compensating plaintiffs for the work they performed for defendants from November 2014 through April 28, 2016.

  120. It is inequitable and unjust for defendants to reap the benefits of plaintiffs' labor and expenditures while failing to reimburse plaintiffs' for the expenses they incurred during business travel.

  121. Plaintiffs are entitled to relief for this unjust enrichment in an amount equal to the benefits unjustly retained by defendants, plus attorney's fees, costs and interest.

## **PRAYER FOR RELIEF**

  WHEREFORE, plaintiffs pray for relief as follows:

  A. An award of damages, according to proof, including liquidated damages, to be paid by defendant;

  B. Penalties available under applicable laws;

  C. Costs of action incurred herein, including expert fees;

  D. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L.§ 663 and other applicable statutes;

  E. Pre-judgment and post-judgment interest, as provided by law; and

F.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands jury trial on all causes of action and claims with respect to which she has a right.

Dated: Great Neck, New York
October 3, 2016

                                      LAW OFFICE OF BRIAN L. GREBEN

                                      /S/  Brian L. Greben
                                      Brian L. Greben
                                      316 Great Neck Road
                                      Great Neck, NY 11021
                                      (516) 304-5357